Trustees of Schools v. Love.

TRUSTEES OF SCHOOLS, TOWN 6, RANGE 9, OF JASPER COUNTY, ILLINOIS,

v.

ALLIE LOVE ET AL.

*Practice—Rule 27—Motion to Re-docket—Jurisdiction.*

1. This court has no power to set aside a final order after the term has expired at which it was entered, except upon petition for a rehearing.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of Jasper County; the Hon.
WILLIAM C. JONES, Judge, presiding.

Messrs. GIBSON & JOHNSON and FITHIAN & JACK, for
appellant.

Messrs. JAMES M. HONEY and GEORGE N. PARKER, for
appellees.

. *Per Curiam.* The record in this case was filed, with
abstracts and brief of appellant, in this court to the August
term, 1887. The record of the clerk shows that he mailed
to attorneys for appellees a copy of the abstract August 28,
1887. No brief was filed by appellees and the case was
reversed and remanded under rule 27 of this court at said
August term of this court.

At the present term a motion is made by appellees for
leave to re-docket the cause, with the view of further moving
the court to vacate the order entered at the August term,
1887, reversing and remanding the cause, and to dismiss the
appeal. The ground urged for this motion is that the decree
of the Circuit Court appealed from was rendered at the
December term, 1886, from which an appeal was prayed by
appellant and allowed to this court, and that the record should
have been filed in this court on or before the second day of
the February term, 1887, of this court, whereas it was not
filed until June 9, 1887, and therefore this court did not
acquire jurisdiction of the cause. There is nothing in the
record filed in this court showing the date of the adjourn-
ment of the Jasper Circuit Court at its December term,
1886, and it is not shown now in support of this motion, either
by affidavit or by the certificate of the clerk of the Circuit
Court of Jasper county, that the December term, 1886, of
said Circuit Court was adjourned more than ten days prior to
the day fixed by law for the February term, 1887, of this
court. But waiving this point and assuming, what is not

shown, that the record should have been filed in this court to its February term, 1887, we adhere to the views expressed in the opinion filed at the present term in the case of Gallagher v. Kilkeary (*ante* p. 600) to the effect that this court has no power or authority to set aside a final order after the term has terminated at which the order was made, except upon a petition for rehearing. It can not be said that it was the fault of this court that the error now complained of was not discovered at the time the case was heard. The attorneys for appellees had notice that the appeal was pending, in so far as the receipt of copy of abstract would give such notice, and had they then called the court's attention to the alleged want of jurisdiction the difficulty which they are confronted with would not have arisen. The motion to re-docket the cause is denied.

*Motion denied.*